UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JEWEL SHEPARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:13-cv-00698-RCJ-VPC |
| vs. | ) | |
| | ) | |
| BANK OF AMERICA, N.A. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff sued Defendants in state court over the foreclosure of her mortgage. Defendants removed based upon federal-question jurisdiction, noting that Plaintiff had included claims in the Complaint under, *inter alia*, the False Claims Act and the Fair Credit Reporting Act. *See* 28 U.S.C. § 1331. The Court agrees that those claims are identified in the Complaint. Plaintiff moved to remand and later filed the Amended Complaint ("AC"), asking leave to amend. The magistrate judge granted the motion for leave to amend and directed that the AC as already filed would be operative. The AC appears to include a claim under the Real Estate Settlement Procedures Act, in addition to state law claims.[1] In any case, removal is jurisdictionally proper if the version of the complaint that was removed supported removal, regardless of later amendments. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979). The Court therefore denies the motion to remand. As Defendants note, Plaintiff identifies no jurisdictional or procedural defect in removal.

---

[1] In neither the Complaint nor the AC are the claims enumerated. Rather, the allegations identify or imply certain claims in long, train-of-thought-style paragraphs.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 7) is DENIED.

IT IS SO ORDERED.

Dated this 28th day of May, 2014.

_____
ROBERT C. JONES
United States District Judge